## IN THE UNITED STATES DISTRICT
## COURT FOR THE DISTRICT OF DELAWARE

LARRY BICKINGS    )
        )
    Plaintiff,   )
        )  C.A. No. _____
  v.       )
        )  JURY TRIAL DEMANDED
        )
        )
UNIVERSITY OF DELAWARE )
        )
        )
    Defendant.  )

## COMPLAINT

## INTRODUCTION

1. Plaintiff, Larry Bickings, ("Plaintiff"), files this action against the University of Delaware, ("Defendant" or "the University") for back pay, front pay, compensatory damages, punitive damages and attorneys' fees for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), and violations of the Age Discrimination in Employment Protections Act ("ADEA").

## JURISDICTION

2. This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a resident of Pennsylvania, who at all times relevant to this Complaint, was an employee or applicant for employment of Defendant University of Delaware.

5.      Defendant University of Delaware is a public institution located at 210 South College Avenue, Newark, DE 19716.

## ADMINISTRATIVE PROCESS

6.      On June 16, 2021, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") and Equal Employment Opportunity Commission ("EEOC") alleging disability and age discrimination against Defendant, hereinafter ("Charge 1").

7.      On June 1, 2022, Plaintiff filed a second timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") and Equal Employment Opportunity Commission ("EEOC") due to Defendant's failure to hire him as a result of his disability, age and retaliation, hereinafter ("Charge 2").

8.      On February 15, 2023, Plaintiff received a Final Determination and Right to Sue Notice for Charge 2 from the Delaware Department of Labor ("DDOL").

9.      On March 17, 2023, Plaintiff received a Determination and Notice of Right to Sue for Charge 2 from the Equal Employment Opportunity Commission ("EEOC"). *See Exhibit "A."*

10.     Plaintiff has filed this action within ninety (90) days after receipt of his Right to Sue Notice from the EEOC.

11.     Plaintiff has satisfied all statutory prerequisites for filing this action.

## FACTS

12.     Plaintiff began his employment with Defendant on November 4, 2004, in the position of Maintenance Planner.

13.     Plaintiff maintained positive annual performance reviews and received no discipline throughout his sixteen (16) year employment with Defendant.

14.     Defendant is aware of Plaintiff's disability, back surgeries with complications, said knowledge was at least from 2019.

15.     Due to his disability, Plaintiff was absent from work in August of 2020 and again in October of 2020 due to medical issues resulting from his disability.

16.     On October 27, 2020, Plaintiff was terminated by Defendant under the pretext of a reduction of force due to the COVID-19 pandemic; however, Plaintiff's termination was a result of Defendant's discrimination based upon his disability and age and in retaliation for Plaintiff's request for reasonable accommodation.

17.     Multiple employees holding Plaintiff's same position in his department who were younger, with less years of experience and service, and were not disabled were able to keep their positions with Defendant.

18.     On or around June 16, 2021, Plaintiff filed a Charge of Discrimination with the DDOL and EEOC.

19.     On or around July 16, 2021, Defendant received notification of Plaintiff's Charge of Discrimination.

20.     On or around February 14, 2022, Plaintiff applied for the University's open position of Maintenance Planner.

21.     On or around March 14, 2022, Plaintiff was interviewed by Defendant for the position.

22.     On or around March 24, 2022, Defendant notified Plaintiff he was not selected for the open Maintenance Planner position.

23.     Upon information and belief, a significantly younger male without a disability was chosen for this position by Defendant.

24.     Defendant failed to hire Plaintiff in the position of Maintenance Planner as a result of his protected activity of filing his prior Charge of Discrimination, his prior need for an accommodation, and Defendant's discrimination based upon his disability and age.

25.     Thereafter, another Maintenance Planner position opened, and Plaintiff applied a second time on April 28, 2022.

26.     On or around May 17, 2022, Plaintiff was interviewed by Defendant for the position.

27.     On or around May 27, 2022, Defendant notified Plaintiff he was not selected for the open Maintenance Planner position.

28.     Upon information and belief, a younger male without a disability was chosen for this position by Defendant.

29.     Defendant failed to hire Plaintiff in the position of Maintenance Planner as a result of his protected activity of filing his prior Charge of Discrimination, his prior need for an accommodation, and Defendant's discrimination based upon his disability and age.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

## COUNT I
### Discrimination in Violation of the Americans with Disabilities Act of 1990
### (42 U.S.C. § 12101 *et seq.* as amended)

30.     The allegations of Paragraphs 1 through 29 are incorporated by reference as if fully restated herein.

31.     Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 12111(5).

32.     At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 42 U.S.C. § 12111(4).

33.     At all times relevant hereto, Plaintiff is a "Qualified Individual" as defined by 42 U.S.C. § 12111(8).

34.     Plaintiff received a Right to Sue letter from the EEOC on March 17, 2023.  Plaintiff has satisfied all statutory prerequisites for filing this action. *See Exhibit "A."*

35.     It is unlawful for an employer to limit, segregate, or classify a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee. 42 U.S.C. § 12112 (b)(1).

36.     It is unlawful for an employer to use qualification standards, employment tests, or other selection criteria that screen out or tend to screen out an individual with a disability. 42 U.S.C. § 12112 (b)(6).

37.     Plaintiff is disabled.

38.     Defendant knew of Plaintiff's disability.

39.     Plaintiff applied for the vacant position of Maintenance Planner on February 14, 2022, and again on April 28, 2022.

40.     Plaintiff has over sixteen years of experience as a Maintenance Planner working for the University and performed highly during his employment with Defendant.

41.     Plaintiff was the most qualified and experienced applicant for the Maintenance Planner position.

42.     Defendant chose less qualified candidates for the positions Plaintiff applied for.

43.     Defendant discriminated against and failed to hire Plaintiff due to Plaintiff's disability.

44.     After Defendant became aware of Plaintiff's disability, Defendant terminated him and subsequently refused to hire him on two occasions for the vacant Maintenance Planner positions for which he was exceedingly qualified.

45.     Defendant used unlawful selection criteria in discrimination of Plaintiff's disability in their Maintenance Planner hiring process.

46.     Defendant's discriminatory hiring practices have a disparate impact on disabled individuals and are neither related nor consistent with business necessity.

47.     Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits, compensatory damages, and attorneys' fees.

48.     Defendant has intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, is liable for punitive damages.

**COUNT II**
**Retaliation in Violation of the Americans with Disabilities Act of 1990**
**(42 U.S.C. § 12203(a))**

49.     The allegations of Paragraphs 1 through 48 are incorporated by reference as if fully restated herein.

50.     It is unlawful to discriminate or retaliate against any individual because such individual has made a charge or assertion of disability discrimination. 42 U.S.C. § 12203(a).

51.     Plaintiff engaged in protected activity when he reported Defendant's discrimination based his disability to the DDOL on or around June 16, 2021 and again on or around June 1, 2022.

52.     Plaintiff suffered an adverse employment action when Defendant failed to hire him to the position of Maintenance Planner on March 24, 2022, and again on May 27, 2022.

53.     There is a temporal nexus between Plaintiff's protected activity and the adverse employment actions taken against Plaintiff as a result of his protected activity.

## COUNT III
**Discrimination in Violation of the Age Discrimination in Employment Act of 1967
(29 U.S.C. § 621 *et seq.*)**

54.     The allegations of Paragraphs 1 through 53 are incorporated by reference as if fully restated herein.

55.     Defendant employs twenty or more employees and is an "Employer" as defined by 29 U.S.C. § 630.

56.     At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 29 U.S.C. § 630.

57.     Plaintiff received a Right to Sue letter from the EEOC on March 17, 2023.

58.     The ADEA prohibits employers from failing or refusing to hire or otherwise discriminating against "any individual…because of such individual's age." 29 U.S.C. § 623(a)(1).

59.     Plaintiff is over forty years of age.

60.     Plaintiff was more than qualified for his position based upon his years of experience and performance levels.

61.     Plaintiff suffered an adverse action when he was terminated and again when Defendant refused to hire him on two occasions for vacant Maintenance Planner positions.

62.     Plaintiff's termination and failure to be hired by Defendant occurred under circumstances giving rise to an inference of age discrimination.

63.     Defendant's discrimination against Plaintiff because of his age constitutes an unlawful employment practice in violation of 29 U.S.C. § 630.

64.    Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

65.    Defendant has intentionally violated Plaintiff's rights under the ADEA, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT IV
### Retaliation in Violation of the Age Discrimination in Employment Act of 1967, (29 U.S.C. § 623(d))

66.    The allegations of Paragraphs 1 through 65 are incorporated by reference as if fully restated herein.

67.    Defendant employs twenty or more employees and is an "Employer" as defined by 29 U.S.C. § 630.

68.    At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 29 U.S.C. § 630.

69.    Plaintiff received a Right to Sue letter from the EEOC on March 17, 2023.

70.    The ADEA prohibits employers from failing or refusing to hire or otherwise discriminating against "any individual…because of such individual's age." 29 U.S.C. § 623(a)(1).

71.    The ADEA prohibits employers to "discriminate against any individual who has opposed any practice made unlawful under this section or… who has made a charge…under this Act." 29 U.S.C.§623(d).

72.    Plaintiff believes and therefore avers that as a result of the filing of the EEOC complaint in July 2021 for age discrimination and wrongful termination, Defendant has denied him future employment in retaliation.

73.    Plaintiff is over forty years of age.

74.     Plaintiff has applied multiple times for the same position he held for over sixteen years.

75.     Despite his level of experience and expertise, as well as familiarity with Defendant's campus and systems, he was not chosen.

76.     Plaintiff was more than qualified for the position posted based upon his years of experience and performance levels.

77.     Plaintiff suffered an adverse action again when Defendant refused to hire him on two occasions for vacant Maintenance Planner positions.

78.     Plaintiff's failure to be hired by Defendant occurred under circumstances giving rise to an inference of age discrimination.

79.     Based upon information and belief younger candidates with less practical experience were hired.

80.     Defendant's discrimination against Plaintiff because of his age and for filing a charge of discrimination constitutes an unlawful employment practice in violation of 29 U.S.C. § 623(d).

81.     Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

82.      Defendant has intentionally violated Plaintiff's rights under the ADEA, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A.  Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B.  Award Plaintiff any and all consequential damages, including, but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgement interest, equity, liquidated damages, and any or all pecuniary damages.

C.  Award Plaintiff all compensation due as a result of Defendant's violations herein.

D.  Award Plaintiff an equal and additional amount as punitive damages.

E.  Award Plaintiff costs and reasonable attorney's fees.

F.  Award Plaintiff pre and post judgment interest at the legal rate.

G.  Any and all such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

**ALLEN & ASSOCIATES**

*/s/ Michele D. Allen*
Michele D. Allen (#4359)
Delia Clark (#3337)
4250 Lancaster Pike Suite 230
Wilmington, DE 19805
302-234-8600
302-397-3930 (fax)
michele@allenlaborlaw.com
delia@allenlaborlaw.com
*Attorneys for Plaintiff*

Dated: June 7, 2023